[No.-5229.]

## Z. M. DEVOE v. E. W. DEVOE.

COMPLAINT FOR A DIVORCE.—A complaint, in an action to obtain a divorce, which merely charges the defendant with "willful neglect" does state a cause of action, because, by the statute, there are two sets of facts which are included within the expression "willful neglect."

FINDINGS OF FACT IN DIVORCE SUIT.—If the complaint, in an action for divorce, charges the defendant with willful neglect because by reason of profligacy and dissipation he has failed to provide for her, a finding that the defendant has been guilty of willful neglect by failing to provide for the plaintiff, he having the ability to do so, is outside the issues, and does not warrant a judgment for the plaintiff.

FINDING OF FACTS.—The finding of facts must be within the issues.

APPEAL from the District Court, Eleventh Judicial District, County of El Dorado.

Action to obtain a divorce.

The complaint averred "that during more than a year last past defendant has treated her with wanton and willful neglect, in that by reason of profligacy and dissipation he has failed to provide for her the common necessaries of life."

The answer denied the allegation.

The court found that "for more than one year prior to the filing of the complaint, the defendant was, and has been, guilty of willful neglect to the plaintiff by failing to provide for the plaintiff the common necessaries of life, he having the ability to do so."

Judgment was rendered for the plaintiff, and the defendant appealed.

The other facts are stated in the opinion.

*C. F. Irwin*, for the Appellant.

The complaint does not allege that appellant had the ability to provide, but the finding is that he had the ability. This finding is, therefore, outside of the issues, and cannot be sustained.

In *Morenhout* v. *Barron* (42 Cal. 605), this Court said: "A finding is useless and idle, unless the facts found are within the issues; and a judgment based upon such facts cannot be sustained."

*George G. Blanchard*, for the Respondent.

By the Court:

Section 92 of the Civil Code provides: "Divorces must be granted for any of the following causes: "1. Adultery. 2. Extreme cruelty. 3. Willful desertion. 4. Willful neglect," etc.

Section 93 defines "adultery;" and 94 "extreme cruelty."

Section 95 attempts to define the expression "willful desertion," and 96, 97, 98 to set forth the different classes of fact which may manifest such desertion.

Section 105 declares what circumstances shall constitute "willful neglect," dividing the neglect into two classes:

First. A neglect on the part of the husband to provide the wife with the common necessaries of life, he having the ability to do so; and, second, his failure to do so when he is unable, provided such inability has been caused by his idleness, profligacy or dissipation.

A complaint charging the defendant with "willful neglect" would be subject to general demurrer, because it would not comply with section 426 of the Code of Civil Procedure; it would not contain a " statement of the facts." This is not within the class of cases in which the charge is sufficient, if it follows the language of the statute, because section 105 contains a statement of the two sets of facts—differing from each other—which are included within the expression "willful neglect" found in section 92. The use of the general expression of section 92, therefore, does not inform the defendant of the ultimate fact on which plaintiff relies.

The finding of the court that the defendant had willfully neglected to supply the common necessaries of life, he having the ability so to do, was, therefore, outside the issues; which was whether, by his idleness, profligacy, or dissipation, he had rendered himself unable to supply them.

Judgment reversed and cause remanded, with direction to the court below to enter judgment for defendant on the findings.