[No. 6,716.]

# GREEN v. CHANDLER.

FINDINGS—CONFLICT OF EVIDENCE.—Where there is a conflict of testimony, this Court cannot interfere with the finding of the Court below.

ID.—PLEADING—MECHANICS' LIEN.—In an action to foreclose a mechanic's lien, the Court found that the whole of defendant's land was required for the convenient use and occupation of the structure; but there was no allegation in the complaint upon the point. *Held*, that the finding was not within the issues, and therefore could not sustain the judgment.

APPEAL from a judgment for the plaintiff in the Seventeenth District Court, County of Los Angeles. McNEALY, J.

The facts are stated in the opinion.

*Brunson & Wells*, for Appellant.

The work was completed on the 23rd day of September, 1878. The defendant several days afterward discovered a leak in the pipe, and requested the plaintiff to repair it, which he did about two weeks from the time he turned the structure over to its owner. The last item in the account is dated September 23rd, 1878. The lien was filed on December 5th, 1878, and was too late. (*Luther* v. *Cobb*, 1 Cold. [Tenn.] 528; *Yearsley* v. *Flannigan*, 22 Pa. St. 489; *Spencer* v. *Barnett*, 35 N. Y. 94; *Bennett* v. *Trenton etc. Co.* 32 N. J. L. 513.)

*O'Melveney & Trantum*, for Respondent.

There was a conflict of testimony as to the date of the completion of the contract, and the finding on that point should not be disturbed.

The plaintiff claimed in his notice a lien against the whole of the land, and sought by his complaint to enforce it against the whole of the land; and his statement in the complaint with reference thereto is substantially equivalent to an allegation that the whole of the land was necessary for the convenient use and occupation of the mill. (Phil. on Mechanics' Liens, § 409; 33 Mo. 157.) There is nothing in the statute that requires an allegation that the whole or any part of the premises is necessary, etc. Appellant did not raise any issue upon this point on

the trial in the Court below, by demurrer or otherwise. It was the province of the Court to determine the amount of land the judgment lien should cover. (Code Civ. Proc. § 1185 ; 23 Cal. 213 ; 46 Mo. 599.) In any event, we think that this Court, if necessary, should modify the judgment by applying the lien to the land and ground occupied by the wind-mill, pipe, and well ; or should direct the Court below to modify the judgment, without ordering a trial *de novo*. (30 Wis. 160.)

Department No. 1, McKEE, J. :

The Court below finds that the structure for which it is sought to foreclose a mechanic's lien, was completed on the 5th day of October, 1874 ; and that the land described in the complaint, and sought to be charged with the lien, was required for the convenient use and occupation of the structure. Both findings are assigned as errors.

The first relates to a fact about which the record satisfactorily shows there was a conflict of testimony ; and we have repeatedly held, where that is the case, that we cannot interfere with the finding of the Court below.

As to the second, the Mechanics' Lien Law makes it the duty of the Court to determine, on rendering judgment, the quantity of land which may be required for the convenient use and occupation of any building, improvement, or structure, which may be built thereon by any one claiming a lien. (§ 1185, Code Civ. Proc.)

The structure in controversy was built upon a tract of land belonging to the defendant, which contains 8 6-100 acres. The finding of the Court is, " that the whole of said parcel of land, with the appurtenances, are required for the convenient use and occupation of said mill, tank, pump, pipes, tower, and structure."

This finding is not within any of the issues made by the complaint and answer ; and there was no evidence whatever given on the trial, or at the time of rendering judgment, upon which the Court could determine that the whole or any particular part of the land was required, or necessary, for the use and occupation of the structure. The finding is, therefore, outside of any

issue made in the case, and it is unsustained by the evidence. A finding outside of the issues does not warrant a judgment. (*Devoe* v. *Devoe*, 51 Cal. 543; *Morenhaut* v. *Barron*, 42 Cal. 605.)

It follows that the judgment and order denying a new trial must be reversed, and the cause remanded for a new trial.

Judgment so ordered.

MORRISON, C. J., and McKINSTRY, J., concurred.