In the Matter of the Estate of G. B. MARRE, Deceased. G. GINOCCHIO, Administrator, Appellant, v. ROSE D. COFFMAN et al., Respondents.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF ADMINISTRATOR'S ACCOUNT—INTEREST.—An administrator cannot be charged with interest on money in his hands, unless it is shown or presumed that he has profited thereby, or has been guilty of such willful misfeasance as to justify the court in requiring compensation therefor.

ID.—PENDENCY OF ACTION AGAINST ESTATE—NEGLIGENCE.—If, at the time of the settlement of the first account of the administrator, an action was pending against the estate of the decedent as trustee for an amount in excess of the money on hand, and no willful negligence appears in the prosecution or settlement thereof until after the filing of his second account, he cannot be charged with interest from the date of his first account, but only from the date of any actual dereliction in duty, which may be shown to have caused loss to the estate.

ID.—APPEAL BY ADMINISTRATOR—BILL OF EXCEPTIONS—UNSUPPORTED STATEMENTS—DUTY OF ADMINISTRATOR.—Facts stated in the settled bill of exceptions of an administrator used upon his appeal from an order settling his account must be accepted as true, for the purposes of the appeal. If any of them consisted of unsupported statements of counsel, it was the duty of the administrator to have that fact made to appear in the bill of exceptions.

ID.—ORAL OBJECTIONS TO ACCOUNT—WAIVER.—The requirement that the objections to the administrator's account shall be made in writing is waived by the administrator, where the hearing was had upon oral objections made in his presence, and in the presence of the court, without any demand that they be reduced to writing.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the account of an administrator. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Thomas F. Bachelder, for Appellant.

Timothy J. Lyons, T. C. Judkins, and A. Ruef, for Respondents.

THE COURT.—The administrator appeals from an order charging him with interest, on settlement of his second account, from the date of the settlement of his first account.

In his second account, which was filed February 16, 1898, after an order of the court had been made to show cause why he should not make the account, the administrator charged himself with seven thousand nine hundred and seventy-nine dollars and seventy-nine cents balance cash on hand from last report. The first account was settled July 28, 1891. In the second account, which is duly verified, the administrator makes a statement explanatory of his failure to close the estate; that on January 18, 1891, an action was commenced against him, as administrator, in the superior court of the city and county of San Francisco, for an amount in excess of the funds in his hands belonging to the estate, and that the suit was still pending; that it had been several times set for hearing at his request, and at the time of filing the account was set down for hearing February 23, 1898. Some few items of expenditures, since the settlement of the first account, were allowed and the account was settled, showing a balance of cash on hand of seven thousand six hundred and thirty-seven dollars and twenty-one cents, and the court charged the administrator with legal interest on this balance from July 28, 1891, amounting to three thousand four hundred and thirty dollars.

When the account came on to be heard, on February 28, 1898, the day fixed for the hearing, the attorneys for the heirs at law being present, the hearing was continued to March 14th and again to March 16th, on which last day the attorneys for the heirs made certain oral statements by way of objections to the account and report. They claimed that the administrator should be charged with interest from July 28, 1891, and in support of the claim stated that the first account as settled showed that all the debts and expenses and charges of administration had been fully paid, and that the only necessity for not closing the estate was the pendency of the lawsuit referred to above; that no proper efforts had been made by the administrator to bring the case to trial, which he could have done by due diligence, and that the continued excuse of the administrator of the pendency of said suit showed bad faith and a desire

to avoid the final settlement; that the report failed to show what, if anything, the administrator had done toward the investment of the money held by him or to give any explanation for the long delay in bringing said action to trial. The bill of exceptions then shows that, upon the foregoing objections being made, the administrator, by his attorney, denied all intentional delay in the trial of said cause, and claimed that he had been making efforts to compromise the action; that the cause was set for trial February 23d, and had not been reached on the calendar; that he was not bound to make further explanation or report, or to do more than charge himself with the balance of the money in his hands, which he had done. The hearing was thereupon placed on the reserved calendar, to be restored for further hearing upon motion of the administrator or any of the heirs represented by their attorneys; and later, upon motion of the heirs, the hearing was fixed for November 23, 1898, and was regularly continued to December 5, 1898, when the account came on to be heard, all parties being represented by attorneys. The bill of exceptions then proceeds as follows: "The heirs, by their aforesaid attorneys, announced that they desired the account to be then and there finally heard, and the administrator's liability to the estate fixed and adjudicated. They thereupon showed to the court by the records of said estate and the matters and things which appeared to the court, as per settlement of the first account, and the administration thereof since said time, that upon the settlement of the first account there was no necessity for the further administration of said estate except the fact of the existence of the suit against the administrator aforesaid"; that the said suit had not been brought to trial by the administrator notwithstanding six months had elapsed since the last continuance of the hearing of this account; that during this intervening period the heirs had arranged a compromise of said suit with the plaintiff therein for the sum of one thousand dollars, conditioned upon its immediate payment by the administrator, subject to the approval of the court; that the administrator was urged by the heirs to pay this amount; "that said administrator, in reply to the demands of said heirs, admitted (as he had previously thereto) that he had no money of said estate in his hands with which to pay said compromise sum of

one thousand dollars"; that about July 3, 1898, said administrator had prepared a petition, which was in the hands of the heirs, praying the order of the court for authority to pay said sum in compromise of the suit, and that after signing and verifying the petition he asked that it be not filed for a few weeks, promising that within that time he would secure the money to compromise said suit; that he then left the state; that the heirs had written him demanding the settlement of the suit and the settlement of his account, but that he has taken no action touching such matters; that the heirs are still able to compromise the suit for one thousand dollars if the administrator should be ordered to effect the compromise; that since the heirs made their objections at the hearing, March 16, 1898, the administrator had made no offer to change or modify his position then taken that he was not called upon to do so. The bill of exceptions shows that "the matter was submitted by the administrator and the heirs without further proceedings, no objections being made or suggested by any person."

1. Appellant now claims that the foregoing statements were not established by any evidence, but were nothing but statements made by the attorneys of the heirs at the hearing, and that there was no evidence whatever submitted to establish these statements. The bill of exceptions states that the heirs "showed to the court" by the records and "the matters and things which appeared to the court, as per settlement of the first account, and the administration thereof since said time," the facts which we have summarized. If there was no evidence to support these statements, it was the duty of the administrator to object to their thus going into the bill. He complains that they were all inserted by way of amendments, and that the court had no right to include this matter because they were but unsupported statements of counsel at the hearing. This should have been made to appear in the bill of exceptions if such was the fact. On the contrary, the judge certifies to the correctness of the bill as the administrator's bill of exceptions, and the hearing was had on what purports to be a summary of the evidence as now certified to us without objection. Under these circumstances, we must treat the bill as correctly setting forth what occurred. (*Hyde v. Boyle*, 89 Cal. 590.)

2. Appellant further contends that the objections to the account cannot be considered because they were not made in writing, citing section 1635 of the Code of Civil Procedure and *Estate of More*, 121 Cal. 635, where it was held that in contesting an administrator's account the contestant must file his exceptions thereto in writing, stating specifically the grounds of his objections, and at the hearing should be held limited to the exceptions so presented. The court laid down this salutary rule, while at the same time stating that it is the duty of the court to carefully examine the account and reject all unjust or illegal claims, whether or not exceptions are filed. If appellant had objected at the hearing to the method of procedure allowed by the court, and had demanded that the contestants reduce their objections to writing and file the same, and that the administrator be given time to answer, we do not doubt the court would have required contestants to comply with the rule of practice prescribed in the case cited. But he went into the hearing some time after the oral objections were made in his presence and in the presence of the court, and at no time objected on the ground now urged, and we must presume that he waived written objections.

3. The more serious question is, whether the evidence justified the court in charging the administrator with interest from the date of his first account. "Whether in any instance the executor is chargeable with even simple interest must be determined by the trial court from all the circumstances of that case. It cannot be said, as matter of law, that interest is to be added to the value of the property that has been lost by his neglect" (*Wheeler v. Bolton*, 92 Cal. 159, 173); again it was there said: "The rule charging him with interest is, however, limited to cases in which it is either shown or presumed that the executor has himself profited by his acts, or has been guilty of such willful misfeasance as to justify the court in requiring compensation therefor."

Looking to the bill of exceptions, which purports to bring up all the facts on which the court based its order, we find that at the time the first account was settled, July 28, 1891, the estate consisted entirely of money in the administrator's hands, and that there was pending against him as such administrator

a suit demanding more than this amount on an alleged trust indebtedness of his intestate; that he had made efforts to bring the cause to trial several times in the interval between the filing of the first and second accounts. The facts submitted by the contestants were that after the second account was filed, which was February 16, 1898, they made demand that he should urge this pending suit to trial and that he neglected to do so; that during the period intervening between the filing of the second account and its hearing the heirs had arranged a compromise of the suit upon payment of one thousand dollars subject to the approval of the court, and the administrator was urged to pay this amount, but failed to do so and said he had no money of the estate to pay said sum. It appeared, however, that he prepared a petition to the court asking authority to make the compromise, which was withheld at his request to give him time to get the money, and thereupon he left the state, and although written to by the heirs had failed to take "action touching said matters." There is no evidence tending to dispute the report of the administrator, under oath, that he had made efforts to bring the pending suit to trial except as to his neglect after he filed his second account; there is no evidence tending to show willful neglect of duty during all the years following his first account commencing at its date. We do not see upon what principle or upon what facts shown he can be charged with interest from the date of his first account. Because he was derelict after he filed his second account, willful neglect and misfeasance cannot be presumed for the entire period of his administration after the first account was filed. It may be that the failure to bring to trial the suit pending against him was due to his fault or connivance in order to retain the use of the money in his hands, and that the delay in the settlement of the estate was due to his misconduct or negligent management of the estate; but before he should be charged with interest for these earlier years of his administration there should be some evidence to justify it. It was said in *Estate of Sarment,* 123 Cal. 331: "An administrator is not charged with even simple interest upon the funds of the estate which may be in his hands, unless it is made to appear to the court that the estate, or the parties interested in it,

have sustained loss by reason of his negligence or fault." There was fault somewhere and in some one for not sooner bringing to trial the suit against the administrator and thus removing the only impediment to the final settlement of the estate, but we do not think the evidence fixes such fault upon the administrator at the date of his first account or at any other precise date, so as to charge him with interest from July 28, 1891. There is evidence suggestive of the inability of the administrator to produce the money with which he charges himself. It may be that his conduct, when fully shown, will justify fixing upon him some liability beyond the funds he has received. That the matter may be fully investigated it is directed that so much of the order as charges interest be reversed and remanded for further proceedings; and as to the remaining portion of the order it be affirmed.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.