[Sac. No. 782.   Department Two.—August 31, 1901.]

## ELLEN SHERIDAN, Respondent, v. PETER SHERIDAN, Appellant.

Divorce— Desertion — Sufficiency of Complaint— Absence of Demurrer — Objection upon Appeal. — A complaint for divorce by a wife against her husband, alleging that on a certain day the defendant voluntarily separated himself from the plaintiff, without any fault on her part, and with intent to desert her, and has continued since, and still does continue, to desert her,.in the absence of a demurrer for a defective statement of the facts, is not subject to the general objection, upon appeal, that it does not state a cause of action for desertion.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, for Appellant.

The complaint is insufficient, because it does not allege that the separation was against the wish or consent of the plaintiff. (Civ. Code, sec. 99.)

Budd & Thompson, for Respondent.

The complaint charges voluntary separation by the defendant with intent to desert, and actual and intentional desertion. The word "desertion" implies a lack of consent. (*Ford* v. *Ford*, 143 Mass. 577; *Lee* v. *Lee*, 8 Allen, 419.) The period of desertion begins when the intent to desert is formed. (Civ. Code, sec. 100; *Pinkard* v. *Pinkard*, 14 Tex. 356.[2]) The cir-

---

[1] 65 Am. St. Rep. 179.　　　　[2] 65 Am. Dec. 129.

cumstances of the desertion are matters of evidence which should not be averred. (*Gray* v. *Gray*, 15 Ala. 779; 2 Bishop on Marriage and Divorce, sec. 668.) The complaint states a cause of action. (Civ. Code, sec. 95.)

TEMPLE, J. — This is an appeal from a judgment of divorce, without a bill of exceptions. The defendant did not appear, by demurrer or answer, and the only point made on the appeal is, that the complaint does not state a cause of action. Appellant, in substance, contends that the complaint only contains the averments, that on the eighth day of March, 1898, defendant voluntarily separated himself from plaintiff without any fault on the part of plaintiff, with intent to desert her, and did desert, and has continued since, and still does continue, to desert her.

It is said that section 95 of the Civil Code gives no definition of desertion, but the following sections of the code, giving instances of desertion, constitute the real definition. But, while section 95 furnishes a very imperfect explanation in itself, taken in connection with the succeeding sections its meaning is obvious enough, and besides, the word "separation," when used in reference to husband and wife, has a well-established popular meaning. Applying that meaning here, as we must, the section is clear enough. When one is told that certain married persons have separated, he is at no loss for the meaning. And besides, contracts between husband and wife to "separate" and live apart are authorized, and not altogether unknown among us. So construed, the complaint charges that the defendant left plaintiff, intending no longer to perform his duty to her as her husband, but to sever the matrimonial relation so far as he was able, and that he had ever since continued his desertion. It charges him with having abandoned her with a fixed determination not to perform his matrimonial obligations.

This is, under the statute, to state a cause of divorce, and admitting that the facts are quite defectively stated, still the complaint is amply sufficient as against an attack of this character.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.