[S. F. No. 2432.   Department One.—November 7, 1902.]

## MAY E. FINK, Appellant, v. ALONZO W. FINK, Respondent.

DIVORCE—EXTREME CRUELTY—DESERTION—REFUSAL OF MATRIMONIAL INTERCOURSE—FINDINGS.—Extreme cruelty may be a just cause for refusal of the wife to have matrimonial intercourse with her husband; and in an action by the wife for divorce for extreme cruelty, with a cross-complaint of the husband for desertion, etc., findings of the defendant's extreme cruelty toward the plaintiff, and that plaintiff for more than one year immediately preceding the suit refused to have matrimonial intercourse with the defendant when physically able, cannot justify a conclusion that she willfully deserted the defendant and was not entitled to a divorce, in the absence of a finding that the extreme cruelty was not the cause of her conduct.

ID.—CONSTRUCTION OF CODE—"JUST CAUSE FOR REFUSAL"—MAXIM.— The qualifying clause in section 96 of the Civil Code,—"when there is no just cause for such refusal,"—applies equally to either of the refusals therein specified. The maxim applies: *Idem ratio idem lex.*

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

Henry C. McPike, for Appellant.

Reed & Nusbaumer, and A. L. Frick, for Respondent.

SMITH, C.—This is a suit for divorce by the wife on the ground of extreme cruelty. The answer, by way of recrimination, alleges extreme cruelty on the part of the wife, and also desertion, as defined in section 96 of the Civil Code. The court finds all the allegations of the complaint to be true, and that none of the allegations of the answer are true, "except as to" (the defense of desertion); as to which it is found, in effect, that for more than one year immediately preceding the suit the plaintiff refused to have matrimonial intercourse with the defendant, and that the refusal was not on account of health or physical condition of either party, nor was it reasonably necessary on such account; and as conclusion of law the court finds "that the plaintiff has been guilty of willful desertion of the defendant." Judgment was accordingly entered denying the plaintiff a divorce, and the plaintiff appeals from the judgment.

One of the grounds urged for reversal is the insufficiency of the evidence to justify the finding of "willful desertion"; but we do not perceive there is any such finding. The supposed finding is merely a legal conclusion from the specific facts found, as to which there is no specification. The question involved is therefore as to the sufficiency of the specific facts found on the issue of desertion to justify the conclusion inferred from them by the court.

With regard to this, we are of the opinion that the qualifying clause in section 96 of the Civil Code (reading, "when there is no just cause for such refusal") equally applies to either of the refusals therein specified. The language of the section is indeed, in this respect, ambiguous, or, rather, amphibolous; but the reason of the qualification applies equally to both of the cases provided for in the statute, and the maxim applies: *Idem ratio idem lex.* The finding must therefore be regarded as insufficient.

Nor can we say, as matter of law, that the finding of extreme cruelty can be regarded as in effect finding that there

was just cause for the plaintiff's conduct.  The court took a different view, and may have been justified in doing so.  Extreme cruelty—or, indeed, conduct less reprehensible—would, doubtless, have been a sufficient justification to the plaintiff had it been in fact the cause of her conduct.  But in the absence of any finding on the point, and of the contrary conclusion reached by the court, we cannot assume that it was in fact the cause.  The judgment should therefore be reversed for lack of a sufficient finding on the issue of desertion.

We advise that the judgment be reversed and the cause remanded for new trial.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for new trial.

Garoutte, J., Harrison, J., Van Dyke, J.