[L. A. No. 1408.   Department One.—September 8, 1904.]

## CHARLES HOLCOMB HAYES, Appellant, v. MAYME A. HAYES, Respondent.

DIVORCE—DESERTION—REFUSAL OF MATRIMONIAL INTERCOURSE—BURDEN OF PROOF—FINDING.—Where a divorce is sought by a husband on the ground of desertion for refusal of the wife to have matrimonial intercourse with him, the burden is on him to show that her health and physical condition did not make such refusal reasonably necessary, and in the absence of evidence on that subject the desertion is not proved, and a finding against desertion will not be disturbed.

ID.—PERSISTENT REFUSAL.—The refusal of matrimonial intercourse must be persistent as well as unjustifiable; and it is doubted whether an unexplained refusal of matrimonial intercourse by a bride for the period of three weeks, can be said, as matter of law, to constitute such a persistent refusal as the statute contemplates, and which justifies the husband in separating from his wife.

ID.—CONFESSION OF DEFENDANT—CORROBORATION.—Evidence that the defendant admitted while on their wedding trip to England that there had been no matrimonial intercourse between her and her husband, without any statement as to whether the refusal was reasonably necessary, and without any corroboration of her con-

fession, is not sufficient to prove desertion by her. The confession of the wife, as well as the testimony of the husband, requires corroboration.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

John M. Fleming, for Appellant.

No appearance for Respondent.

CHIPMAN, C.—The action is for divorce on the ground of desertion alleged to have taken place about July, 1899. The default of defendant was duly entered, and service of summons was had by publication. The court found the following facts: That plaintiff and defendant were married in the city of New York, state of New York, on May 19, 1899; that plaintiff is now and had been for more than four months prior to the commencement of the action a resident of the county of Los Angeles, this state, but had not been such resident for one year prior to the commencement of the action; that defendant did not desert plaintiff in July, 1899, or at all, nor did she at that time or since refuse to live or cohabit with plaintiff. Judgment followed for defendant, from which plaintiff appeals on a bill of exceptions. Plaintiff testified that shortly after the marriage he took his wife to England; that she refused to have matrimonial intercourse with him, and after remaining with her about three or four weeks he left her and presumably found his way to Los Angeles, for he testified that in October, 1899, he again went abroad from there and "was gone several years and spent most of his time in Paris, Italy, and England." That he was studying the languages of those countries and at the same time vainly searching for his wife. He returned to Los Angeles in January, 1903. The complaint was filed in March, 1903. He testified that when he last saw his wife she was acting in the character of page in a dramatic company in London, but whether this was before or after he separated from her does not appear. There is no evidence that she refused to live with him while they were in London. As evidence of her desertion he testified that upon their arrival by steamer at Rotterdam she engaged

two bedrooms at the hotel, one for him and one for herself, without his knowledge or consent. There may have been good reason for this, as indeed there may have been for her refusal to cohabit with him. Section 96 of the Civil Code makes "persistent refusal to have reasonable matrimonial intercourse" evidence of desertion "when health and physical condition does not make such refusal reasonably necessary," and as to defendant's then health or physical condition there was no evidence. Plaintiff testified that at first his wife refused to be married except by a Catholic priest, as she was a Catholic, but finally consented to be married by a city magistrate. Plaintiff testified: "I think she did not consider that marriage binding because she gave no evidence of a wife to me." Still there may have been facts concerning her health or physical condition which caused her for the time to refuse cohabitation. Plaintiff does not testify that she deserted him or refused to live with him. The burden of his complaint is her refusal to have matrimonial intercourse with him, and for this he left her. Furthermore, we doubt whether it can be said as matter of law that the unexplained refusal of a bride of three weeks to have marital intercourse with her husband is such "persistent refusal" as the statute contemplates as evidence of desertion, and as justifying the husband in separating from his wife. On this point there was an attempt made to corroborate plaintiff's testimony, but the most the witness knew was that defendant gave witness to understand that up to that time there had been no matrimonial intercourse between plaintiff and defendant, and this was told the witness in the stateroom of the steamer on their way to England. The witness did not pretend to know whether or not the refusal was "reasonably necessary." But the confession of the wife, as well as the testimony of plaintiff, required corroboration, and there was none. On the point of alleged desertion the finding is supported by the evidence. Whether the finding as to residence is or is not supported, the judgment may rest upon the other finding. Unless the desertion of defendant was shown, plaintiff could not prevail in the action though he had been a resident of Los Angeles County the requisite time.

We advise that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.    Van Dyke, J., Shaw, J.

ANGELLOTTI, J.—I concur in the judgment upon the ground that the finding of the court on the question of desertion cannot be disturbed upon the record before us.