[Civ. No. 4024. First Appellate District, Division Two.—November 16, 1921.]

LEONIE LEMBERGER, Appellant, v. FRANK LEMBER· GER, Respondent.

[1] DIVORCE—PERSISTENT REFUSAL TO HAVE REASONABLE MATRIMONIAL INTERCOURSE—HEALTH AND PHYSICAL CONDITION—UNCORROBORATED TESTIMONY OF HUSBAND.—In an action for divorce on the ground of persistent refusal to have reasonable matrimonial intercourse when health and physical condition did not make such refusal reasonably necessary, corroboration of the husband's testimony regarding the wife's continued refusals to live with him as husband and wife is not sufficient to support a decree, but proof is required that during the period of persistent refusal, health and physical condition did not make such refusal reasonably necessary, and the burden of proving such fact is not sustained by the uncorroborated testimony of the husband.

[2] ID.—PREFERENCE OF WIFE FOR OWN RELATIVES—IRRELEVANT TESTIMONY. — In an action for divorce on the ground of persistent refusal to have reasonable matrimonial intercourse when health and physical condition did not make such refusal reasonably necessary, testimony that the wife preferred to live with her brother and her mother than to live with her husband, and that she had refused to separate herself from her family at the request of her husband, was not relevant to the issue.

[3] ID. — CORROBORATION OF TESTIMONY — CONSTRUCTION OF CODE. — Under section 130 of the Civil Code, which declares that no divorce can be granted upon the uncorroborated testimony of the parties, the testimony of one spouse cannot be taken in corroboration of that of the other for the purpose of proving a cause of divorce. (*Opinion of supreme court on denial of hearing.*)

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Reversed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

H. A. Stout for Respondent.

1. Refusal of marital intercourse as ground for divorce, notes, 12 Ann. Cas. 547; 14 L. R. A. 685; L. R. A. 1915B, 770.

Granting of divorce on uncorroborated testimony of party or parties, note, Ann. Cas. 1913B, 3.

LANGDON, P. J.—This is an appeal from an interlocutory decree of divorce granted to defendant upon a cross-complaint. Plaintiff filed suit for a divorce upon the ground of willful neglect; defendant filed an answer and cross-complaint, denying the material allegations of the complaint, and asking for a divorce upon the ground of willful desertion.

Plaintiff failed to prove the allegations of her complaint and a nonsuit was granted. Appellant does not complain of this ruling, but contends that the evidence is insufficient to warrant the findings and judgment of the court that plaintiff willfully deserted the defendant, and granting to him an interlocutory decree of divorce. The desertion found by the court was the "plaintiff's refusal to have reasonable or any matrimonial intercourse with said defendant as husband and wife and that health and physical condition did not make such refusal reasonably necessary."

Appellant attacks this finding as being unsupported by the evidence, asserting that in order to justify such a finding it is necessary that the record contain corroboration of the testimony of a party to the action. The defendant testified to repeated refusals of his wife to have reasonable or any matrimonial intercourse with him and also testified that there existed no physical conditions justifying such refusal. The plaintiff denied these statements, and testified that she had refused but once to have intercourse with the defendant and on that occasion she was very ill and the defendant was well aware of the fact. She admitted that from June, 1917, to the date of the filing of the action (May, 1920), there had been no matrimonial intercourse between herself and her husband, but said there had never been a refusal on her part except on the one occasion when she had been ill.

Respondent relies upon this admission of plaintiff that there had been no physical relations between the parties from June, 1917, to the time of the filing of the action, a period of about three years, as corroboration of defendant's testimony concerning plaintiff's persistent refusals to have matrimonial relations with him. While there is some force in this contention the corroborative force of the testimony of plaintiff is greatly weakened by her repeated insistence that the cessation of matrimonial relations was not due to her persistent refusals, but to the fact that the husband

understood her physical condition and because of this fact did not seek relations with her.

Respondent also relies for corroboration of his testimony upon the fact that it appears from the testimony of the son of the parties that the husband and wife occupied separate beds in the same room and that the son slept in the bed with his mother. It has been held in the case of *Ingraham* v. *Ingraham,* 40 Cal. App. 578 [181 Pac. 234], that testimony of third parties that the husband and wife occupied separate rooms in the house was not the character and degree of evidence required by the code with regard to corroboration in divorce cases. In the instant case, such testimony is particularly valueless as corroborating evidence because of the fact that it appears that the situation of the parties with regard to their sleeping arrangements had continued for about six years and during a period when, according to defendant's testimony, he had no cause of complaint about the matter on which he now seeks a divorce, and that the arrangement had originally been made upon the suggestion of the defendant himself, because the child was delicate and had been ill and the mother's bed was the most comfortable place for him to sleep.

[1] However, even though we were to concede for the purposes of this appeal that there is sufficient corroboration of the husband's testimony regarding the wife's continued refusals to live with him as husband and wife, nevertheless the defendant's case is not yet proven.

The Civil Code (sec. 96) requires proof that during the period of persistent refusal, health and physical condition did not make such refusal reasonably necessary. The only evidence upon this matter was the uncorroborated testimony of the husband. While it is, no doubt, difficult to corroborate testimony of a party regarding these matters, such is the burden to be sustained when one relies upon this cause of divorce. (*Broderick* v. *Broderick,* 40 Cal. App. 550 [181 Pac. 402]; *Ingraham* v. *Ingraham,* 40 Cal. App. 578, 580 [181 Pac. 234]; *Hayes* v. *Hayes,* 144 Cal. 625 [78 Pac. 19]; *Berry* v. *Berry,* 145 Cal. 787 [79 Pac. 531].) It appears to us that the stringency of the rule announced by the above cases regarding corroboration of testimony of a party, despite its seeming impracticability, is vindicated by a thoughtful consideration of the situation which is presented

by an examination of the record in the present case. Here the wife was a woman of fifty-one years of age at the time of the trial; her alleged refusals of defendant's marital rights had begun three years before. Up to that time, according to defendant's own testimony, he had had no cause to complain about this matter. The parties had lived together for nearly thirty years before the husband complained of this matter; they had had three children. The husband had been earning a small salary as a waiter in a restaurant. The record is undisputed that the wife was a careful and economical housekeeper. After these many years of married life, during which time the husband admitted he had absolutely no cause of complaint, the wife, in the course of nature, reached a time in life and a physical condition which, according to her testimony, rendered her unable to endure matrimonial relations. She also testified that her husband was fully aware of this condition and of the treatments she was undergoing; that the husband, realizing her suffering, said: "I will never come to you again." She also stated that during the period when relations had ceased between herself and husband she was going through physical changes which made it impossible for her to live with her husband as she had previously done. This testimony is corroborated by the testimony as to her age and by physiological facts of which this court will take judicial notice. Under such circumstances it should not be, and we think it is not, the law that a husband can come into court and by his uncorroborated testimony that his wife was well and healthy during this period, secure a dissolution of the marriage ties and a release of his obligations, and cast his wife off without support or assistance from him at a period of her life when she most needs his assistance and when she is least able to earn her own living. And this after thirty years of faithful performance of her duties as a wife and mother!

We are of the opinion that the finding that the refusal of the wife to have matrimonial intercourse occurred at a time when health and physical condition did not make such refusal reasonably necessary is unjustified. The defendant's uncorroborated testimony on this subject is insufficient to support it, and most especially so in the light of the other matters appearing in the record.

[2] Respondent calls our attention to the fact that the plaintiff has made very clear, by her own testimony, that she prefers to live with her brother and her mother than to live with her husband and that she has refused to separate herself from her family at the request of her husband. This evidence might be pertinent had the defendant sought his divorce upon other grounds; it has no relevancy in relation to the question of whether or not plaintiff has persistently refused to have reasonable matrimonial intercourse with the defendant when her health and physical condition did not make such refusal reasonably necessary. That question was the one issue between these parties under the pleadings upon which the action was tried. The burden of proving the affirmative of this issue was not sustained by introducing the uncorroborated testimony of the defendant. If the difficulties incident to a compliance with section 130 of our Civil Code seem insurmountable in some instances, the courts are, nevertheless, without power to abrogate the rule there laid down, and, as pointed out herein, that section vindicates itself in cases like the instant one, which, in the nature of things, will frequently arise.

The judgment and decree appealed from are reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this cause in the supreme court is denied.

The opinion of the district court of appeal appears to assume that in an action for divorce the testimony of one spouse may be accepted as sufficient corroboration of the testimony of the other for the purpose of making a cause of divorce for either. We think this assumption is contrary to the rule laid down in section 130 of the Civil Code. [3] That section declares that no divorce can be granted upon the uncorroborated testimony of the parties. We understand this to mean that there must be evidence in support of the cause of action upon which a divorce is

granted, in addition to the evidence of either or both of the parties to the action, and that the testimony of one party cannot be taken in corroboration of that of the other for the purpose of proving a cause of divorce.

Shaw, C. J., Lennon, J., Waste, J., Wilbur, J., Shurtleff, J., Sloane, J., and Lawlor, J., concurred.