[Civ. No. 7105. Second Appellate District, Division Two.—January 30, 1930.]

MABEL E. RITTER, Respondent, v. CLYDE E. RITTER, Appellant.

James R. Jaffray, Leroy Reames and John T. Hauser for Appellant.

William E. Fox and Brooks Gifford for Respondent.

BURNELL, J., *pro tem.*—This appeal is from an interlocutory judgment of divorce, from certain orders there-

after made and from the final judgment. ░ As to the last mentioned, it is evident that the same must be reversed, for the reason that it was made and entered prior to the disposition of the appeal from the interlocutory judgment contrary to the provision of section 132 of the Civil Code that "if any appeal is taken from the interlocutory judgment or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of. . . . " (*Carp* v. *Superior Court,* 76 Cal. App. 481 [245 Pac. 459]; *Newell* v. *Superior Court,* 27 Cal. App. 343 [149 Pac. 998].) The interlocutory judgment must also be reversed, for reasons which we shall now elucidate.

The plaintiff set up three causes of action: wilful neglect, extreme cruelty and desertion. As to the first of these the court found against the plaintiff. The findings as to cruelty were as follows: "[T]he court finds that the defendant, Clyde E. Ritter, has treated the plaintiff in an extremely cruel and inhuman manner and in particular as follows: That said defendant has refused to have sexual intercourse with plaintiff since the 1st day of February, 1927, and that said defendant had the ability to have such sexual intercourse; that said defendant accused plaintiff with improper conduct with Dr. Frank Ashmore and that defendant told plaintiff that he would castrate the said Dr. Frank Ashmore; and that said defendant showed plaintiff the knife with which he would do the act; that said defendant accused plaintiff with improper conduct with William E. Scotten; that said defendant has belittled plaintiff's mother frequently stating that she was narrow-minded and tricky and that plaintiff was just like her; that said defendant has never taken plaintiff to a place of entertainment, with the exception of two or three times, during their whole married life; that for more than two years last passed [*sic*] defendant has never shown any love and/or affection for plaintiff and that said defendant has not kissed plaintiff more than three times during the last year passed and prior to the bringing of this action." The findings as to desertion were "[T]he court finds that said defendant wilfully and without cause deserted and abandoned plaintiff for over a period of one year prior to the bringing of this action, in that said defendant refused to have sexual intercourse with plaintiff

since the first day of February, 1927, although having the ability to have such sexual intercourse. . . . [T]he court finds that the defendant, Clyde E. Ritter, would stay in Buena Park, California, during the week, returning to his home in Pasadena generally for the week-end, but that on such occasions said defendant and said plaintiff would not have sexual intercourse; and that this condition existed ever since the first day of February, 1927, and up to the time of filing this action.''

Directing our attention first to the findings as to cruelty, it is to be noted that the court did not find that the conduct of the defendant had caused plaintiff either bodily injury or mental suffering. Neither did it find that defendant's refusal to have sexual intercourse with plaintiff was without just cause, or that the accusation of improper conduct on plaintiff's part was without foundation or was falsely and maliciously made by defendant, or that the failure to take her to places of entertainment or to kiss her was without cause or contrary to plaintiff's desires. To support a judgment for divorce upon the ground of extreme cruelty it is essential that the court find that the conduct characterized by the findings as cruel, ''wrongfully inflicted upon the [innocent party] grievous bodily injury or grievous mental suffering, or both'' (*Nelson* v. *Nelson,* 18 Cal. App. 602 [123 Pac. 1099, 1102]) ; and this is so because the injury or suffering is the ultimate fact entitling the injured party to a severance of the marital ties (*Salee* v. *Salee,* 63 Cal. App. 54 [218 Pac. 69] ; *Smith* v. *Smith,* 124 Cal. 651 [57 Pac. 573]).

The other omissions above noted are equally fatal. A refusal of intercourse can be regarded as cruelty only when without just or proper cause and when the health and bodily condition of *both* spouses would justify such intercourse. Accusations by one spouse of improper conduct on the part of the other cannot amount to cruelty unless unwarranted (*Brandt* v. *Brandt,* 178 Cal. 548 [174 Pac. 55]). ''Of course, if they were true, and justified, it was not cruelty to make them'' (*Salee* v. *Salee, supra*). It is true that the court found certain allegations of the cross-complaint as to specific instances of improper conduct on the part of the plaintiff and the two men mentioned in that

portion of the findings which we have quoted to be untrue, but this is not tantamount to finding that the *general* accusation of improper conduct which it was found defendant had made was untrue or unwarranted.

As to the findings on the issue of desertion, it is apparent that the court intended to find that the defendant had been guilty of that form of desertion manifested by a persistent refusal to have reasonable matrimonial intercourse as defined by section 96 of the Civil Code. But here again the findings lack certain essential elements. For instance, there is no finding that the refusal was persistent, or that the "health or physical condition" of the *plaintiff* did "not make such refusal reasonably necessary," or that there was no just cause for such refusal. In *Fink* v. *Fink*, 137 Cal. 559 [70 Pac. 628], the court found, on the issue of desertion, "that for more than one year immediately preceding the suit the plaintiff refused to have matrimonial intercourse with the defendant, and that the refusal was not on account of health or physical condition of either party, nor was it reasonably necessary on such account," and as a conclusion of law "that the plaintiff has been guilty of willful desertion of the defendant." We quote further from the opinion: "One of the grounds urged for reversal is the insufficiency of the evidence to justify the finding of 'willful desertion'; but we do not perceive there is any such finding. The supposed finding is merely a legal conclusion from the specific facts found, as to which there is no specification. The question involved is therefore as to the sufficiency of the specific facts found on the issue of desertion to justify the conclusion inferred from them by the court. With regard to this we are of the opinion that the qualifying clause in section 96 of the Civil Code (reading, 'when there is no just cause for such refusal') equally applies to either of the refusals therein specified. The language of the section is indeed, in this respect, ambiguous, or, rather, amphibolous; but the reason of the qualification applies equally to both of the cases provided for in the statute, and the maxim applies: *Idem ratio idem lex*. The finding must therefore be regarded as insufficient." The necessity for a finding as to absence of just cause was reiterated in *Mayr* v. *Mayr*, 161 Cal. 134 [118 Pac. 546], and in *Ingraham* v. *Ingraham*, 40 Cal. App. 578 [181 Pac. 234].

■ The findings are manifestly insufficient to support the conclusion of law that the respondent-plaintiff is entitled to a divorce or to support the judgment in her favor, but she suggests that this court may make additional findings as permitted by section 956a of the Code of Civil Procedure. The evidence as contained in the bill of exceptions would not, should we feel desirous of availing ourselves of this provision, justify us in supplying the omissions from the findings above noted. Respondent refers to certain evidence as having been given at the trial and says: "Appellant does not include this evidence in his appeal but, on the contrary, leaves it entirely out of the record." The transcript contains a bill of exceptions settled by the trial judge and reciting that as to the several specifications in the findings therein mentioned "the following evidence and none other was given." In the absence of anything in the record to the contrary it must be assumed that the bill, as originally drafted by appellant, was served on respondent and that the latter, if dissatisfied with the statement of the evidence therein contained, had the opportunity provided by the statute to propose amendments thereto setting forth such evidence, or a statement thereof, as had been omitted from the proposed bill. (Sec. 650, Code Civ. Proc.) "When the bill of exceptions has been settled and allowed by the judge before whom the proceedings were had, it must, for all purposes of reviewing the action of the court, be deemed by this court to be a correct statement of what took place" (*Hyde* v. *Boyle,* 89 Cal. 590 [26 Pac. 1092]; *Estate of Marre,* 127 Cal. 128 [59 Pac. 385]). We must, therefore, accept as the evidence in the case, for all purposes of this appeal, the statements contained in the settled bill of exceptions.

■ From these it appears that, as to the refusal of intercourse, both as an element of the charge of cruelty and as amounting to desertion, the testimony was as follows: Plaintiff testified that the defendant "did not have sexual intercourse with her since the first day of February, 1927." The defendant admitted this fact and testified that he neither requested nor was refused such intercourse, and that he was not physically incapacitated from having the same. A daughter of the parties testified that she had slept with

her mother, the plaintiff, continuously from the first day of February, 1927, and that her father had occupied a separate room. A son testified that his sister and mother occupied one room and his father another, while it was stipulated that another son "slept with his father in a room separate from that of his mother at the times and occasions when the defendant . . . would be at the home of plaintiff." The testimony of the children of the parties as to their occupancy of separate rooms "was not the character and degree of evidence required by the code with regard to corroboration in divorce cases" (*Lemberger* v. *Lemberger*, 55 Cal. App. 231 [203 Pac. 786, 787]; *Ingraham* v. *Ingraham, supra*). Further, and apart from the insufficient attempt at corroboration by the testimony of the children, there was no testimony on the part of any witness corroborating that of the plaintiff other than that of the defendant; and in denying a petition for a hearing after judgment in this court the Supreme Court, in *Lemberger* v. *Lemberger, supra,* held unequivocally that "the testimony of one party cannot be taken in corroboration of that of the other for the purpose of proving a cause for divorce."

As to the issues with regard to cruelty other than the refusal of intercourse, there was no testimony as to the falsity of the charges of improper conduct on the part of the respondent and, as to two instances at least, no corroborating evidence other than the admission of the defendant that he had made such charges. Without going into the matter at length, suffice it to say that the balance of the evidence as set forth in the record is in an equally unsatisfactory condition and entirely insufficient as a foundation upon which to base any findings to support the judgment of divorce.

Appellant also seeks a reversal of two orders made after the entry of the interlocutory judgment. ██ By the first of these he was required to pay to respondent $750 as attorney's fees and $250 on account of costs on appeal. It appears from the engrossed bill of exceptions that respondent filed an affidavit reciting the entry of judgment in her favor, the making and denial of a motion for new trial, the taking of an appeal and the lack of funds on her part with which to compensate her attorneys for representing her on said appeal and with which to defray the costs thereof. On this affidavit the court issued an order for the defendant

to show cause why he should not be ordered to pay a designated sum to plaintiff for costs and counsel fees. On the return day specified in the order defendant served and presented to the court an affidavit to the effect that his attorneys were engaged in a trial in another department of the court and requesting a short continuance of the hearing on the order to show cause. The court, however, proceeded to hear the same, the defendant himself being present, and made the order above referred to, considerably reducing the amount asked for. Appellant's objection thereto is that the amount allowed is excessive and that it was error to have refused the continuance and to have proceeded with the hearing in the absence of his counsel. Neither of these points is well taken. As to the amount allowed, the bill of exceptions does not set forth any of the evidence on which the court acted, and we cannot say as a matter of law that the allowance of the sums specified was excessive. A wide discretion must of necessity be vested in the trial court as to what amount, if any, is to be allowed the wife to enable her to prosecute an action for divorce or to defend against an appeal prosecuted by her husband, and it is only a plain abuse of such discretion which warrants an appellate court in setting aside an order made for such purpose (*Stewart* v. *Stewart,* 156 Cal. 651 [105 Pac. 955]; *Rose* v. *Rose,* 109 Cal. 544 [42 Pac. 452]; *Whiting* v. *Whiting,* 62 Cal. App. 157 [216 Pac. 92]). **[9]** As to the refusal of a continuance and the action of the court in proceeding with the hearing in the absence of defendant's attorneys, that also was a matter within the sound discretion of the trial judge (*Berentz* v. *Belmont Oil Min. Co.,* 148 Cal. 577 [113 Am. St. Rep. 308, 84 Pac. 97]; *Peachy* v. *Witter,* 121 Cal. 316 [63 Pac. 468]; *Corbin* v. *Howard,* 61 Cal. App. 715 [215 Pac. 920]; *Flynn* v. *Fink,* 60 Cal. App. 670 [213 Pac. 716]).

The other order of which appellant complains was one directing him to pay $25 attorney's fees for the appearance of plaintiff's counsel at the hearing of an order to show cause why defendant should not be adjudged in contempt for failure to comply with a previous order for the payment of alimony for the support of the minor children of the parties. At the time the order to show cause was issued, October 5, 1928, the defendant was in arrears

two months, but when the matter came on to be heard on the return day specified therein it appeared that he had made up his payments after being served with the order to show cause. Plaintiff's attorneys had drawn up the affidavit, prepared the order and appeared in court on the return day, and the allowance of a small attorneys' fee was under the circumstances, proper.

The judgments are reversed and the orders appealed from are affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.