PER CURIAM.
This case presents the issue of whether the trial court may by contempt process enforce timely payment of periodic child support previously ordered in a dissolution proceeding, although before the contempt hearing the defaulting party pays the support previously in default. Because of the absence of a transcript of the evidentiary proceedings below, we cannot here reach that issue. The trial court’s order denying appellant relief by contempt process must therefore be affirmed. Nevertheless, if as alleged appellee has persistently and systematically failed to make timely payment of child support, although able to do so, thereby necessitating repeated contempt proceedings to induce payment of support in arrears, the trial court may on proper application and proof assess the cost of the proceedings, including attorney’s fees, against the defaulting party. Our disposition of the appeal is without prejudice to such an application for costs, including attorney’s fees for services rendered in the trial court and here. See Gottesman v. Gottesman, 220 So.2d 640 (Fla.3d DCA 1969). See also Ritter v. Ritter, 103 Cal. App. 583, 284 P. 950 (1930).
AFFIRMED.
MILLS, Acting C. J., SMITH and ERVIN, JJ., concur.