[Civ. No. 4589. Second Appellate District, Division One.—November 5, 1926.]

## LOUISE E. ANNEN, Appellant, v. WILLIAM B. ANNEN, Respondent.

[1] HUSBAND AND WIFE — SEPARATE MAINTENANCE — ADULTERY — EVIDENCE—FINDINGS—APPEAL.—In this action by the wife for separate maintenance, in which in addition to sundry acts of extreme cruelty, plaintiff charged defendant with having committed adultery, both the implicated persons having denied their guilt of the charge of adultery, and the evidence to the contrary not having been entirely conclusive, the trial court's finding that plaintiff's allegations charging adultery were untrue was conclusive on appeal.

[2] ID.—ASSOCIATION OF DEFENDANT WITH OTHER WOMEN—NATURAL REACTION OF PLAINTIFF—ABSENCE OF CRUELTY.—In such action, in which the defendant cross-complained for divorce on the ground of extreme cruelty, assuming that defendant was not guilty of adultery with the other woman in question, his association with her was so frequent and was conducted in such a manner that plaintiff was justified in believing that her complaints were well founded, and plaintiff's conduct toward defendant, in urging her complaints and objections, was but a natural reaction against defendant's conduct, and did not constitute cruel or inhuman treatment.

[3] ID. — GRIEVOUS MENTAL SUFFERING — CHEERFULNESS OF SPIRIT — EVIDENCE.—In such action, defendant's statement that the act of plaintiff in going to defendant's place of employment and complaining of his association with other women caused him mental suffering "in a way," that he was "uneasy" because he was afraid he would lose his position on that account, did not constitute substantial evidence of "grievous mental suffering," when everything else in the record shows that defendant maintained a cheerfulness of spirit quite inconsistent with such suffering. ·

_____

(1) 4 C. J., p. 876, n. 78.   (2) 19 C. J., p. 52, n. 79.   (3) 19 C. J., p. 142, n. 52.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

Perry F. Backus for Appellant.

R. E. Wedekind and Nat B. Browne for Respondent.

CONREY, P. J.—Plaintiff brought this action to obtain a decree of separate maintenance. Defendant, by cross-complaint, demanded a decree of divorce. From an interlocutory judgment of divorce entered in favor of the cross-complainant, the plaintiff and cross-defendant appeals.

In her complaint plaintiff charged the defendant with sundry acts of extreme cruelty, and that he had committed adultery. Defendant denied those charges. In his cross-complaint he charged that the plaintiff was guilty of acts constituting the offense of extreme cruelty, which had caused the cross-complainant grievous bodily injury, mental suffering, etc. By supplemental complaint the plaintiff charged against the defendant the commission of an additional act of adultery.

[1] The principal ground of appeal, as presented by appellant's counsel, is found in his claim that the findings of the court are not supported by the evidence. The findings recite that evidence was introduced on the supplemental complaint only and the cross-complaint. This is incorrect, for the record plainly shows that evidence was introduced also upon the issues tendered in the original complaint.

The allegations in the supplemental complaint, charging adultery, were found to be untrue. Since both of the implicated persons denied their guilt and the evidence to the contrary was not entirely conclusive, the court's finding must be sustained. [2] The findings of fact on the issues relating to the alleged cruelty of appellant toward the respondent are so far without support in the evidence that they fail to sustain respondent's right of action. Apparently there is no evidence in the record which can justify the finding that on May 6, 1922, or at any time, appellant told respondent that she was going to wait until respondent was asleep some night and then was going to kill him. The testimony of the parties, and of the several witnesses, leaves no room for doubt that the quarrels between the husband and wife arose out of his intimacy with another woman and the wife's objections to that intimacy and association. Assuming, in accordance with the determination of the trial court, that the husband had not committed adultery with

Mrs. Ross, yet his association with her was so frequent and was conducted in such a manner that appellant was justified in believing that her complaints were well founded. This being so, appellant's conduct toward respondent, in urging her complaints and objections, did not constitute cruel or inhuman treatment. In view of the respondent's conduct in relation to Mrs. Ross, it would be absurd to say that appellant's conduct was anything more than a natural reaction against her husband's misconduct.

[3] The finding of the court that the cross-complainant had suffered grievous bodily injury is wholly without support in the evidence. It may be said with equal confidence that there is no evidence of mental anguish, suffering or distress of cross-complainant resulting from any cruel or inhuman treatment of the cross-defendant. The only hint of mental suffering shown in the evidence of cross-complainant came in connection with some testimony that Mrs. Annen had visited the place of employment of her husband and made some complaints about his association with other women, and that the fact of her having made those statements was communicated to Mr. Annen. Being asked if this caused him mental suffering, defendant replied: "It did in a way; I was uneasy because I was afraid I would lose my position on that account." This is not substantial evidence of "grievous mental suffering"—when everything else in the record shows that respondent maintained a cheerfulness of spirit quite inconsistent with such suffering.

The judgment is reversed.

Houser, J., and York, J., concurred.