[Civ. No. 7533. First Appellate District, Division Two.—November 5, 1930.]

LUCY PLATH, etc., Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION OF THE STATE OF CALI-FORNIA et al., Respondents.

Emery F. Mitchell and W. R. Augustine for Petitioner.

Edward O. Allen for Respondent Industrial Accident Commission.

R. P. Wisecarver for Certain Respondents.

SPENCE, J.—Petitioner, an insane person confined in a state hospital, by her guardian, seeks to annul an award of the Industrial Accident Commission made against petitioner and in favor of the employer of her deceased husband and the employer's insurance carrier.

The deceased employee and the petitioner were married in 1923 and thereafter moved to Kern County, where they resided together until their separation in February, 1925. In May, 1926, in San Francisco petitioner was adjudged insane and committed to the state hospital. In November, 1928, the deceased, while employed as a truck driver by the respondent employer, sustained injuries which resulted in his death.

The Commission found "That in and about the month of February, 1925, the said defendant, Lucy Plath, being then competent and in possession of her faculties, wilfully and wrongfully deserted the said employee, and then and thereafter continued to live separately and apart from him, and the said employee then and thereafter for good and sufficient cause refused to contribute and did not contribute to her support or to any part thereof, and was not legally liable for her support, and said defendant was not dependent upon him at the time of the injury for her support, nor for any part thereof."

The petitioner contends that the evidence was insufficient to sustain the foregoing findings. It may be noted that these "findings" contain both findings of fact and conclusions of law. The conclusions of law are based upon section 175 of the Civil Code, which reads as follows: "A hus-

band abandoned· by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; . ᶜ " ■ Petitioner's claim of insufficiency of the evidence to sustain the findings of fact is directed solely at the finding relating to desertion. The Commission, of course, did not have the benefit of the testimony of the petitioner or of the deceased regarding the circumstances immediately surrounding their separation, but the evidence showed that one evening in February, 1925, while the deceased had gone to see a doctor regarding an injury to his hand the petitioner left their home and was gone upon deceased's return; that she had told a neighbor that she was leaving deceased for good and that she was not going back to him again; that petitioner was driven in an automobile by a neighbor to the home of another man with whom she thereafter lived; that petitioner never again lived with deceased and deceased never contributed further to her support. There was no evidence that petitioner ever offered to return to the deceased. From the above it appears that there was direct testimony showing that petitioner left the home of deceased with the intent to remain away from him and to never return to him. ■ It was not necessary to show negatively that such leaving was without cause. As was said in *Morrison* v. *Morrison*, 20 Cal. 431, at page 432, "The plaintiff is not required to show negatively that no cause existed, for none appearing, the law will not presume one." Counsel for petitioner calls our attention to certain testimony relating to a quarrel or altercation between petitioner and deceased within a week before petitioner left deceased and apparently takes the position that the Commission was bound to infer that such quarrel or altercation constituted misconduct upon the part of the deceased which justified petitioner in leaving. The Commission was not bound to so infer and it is doubtful whether the evidence would justify any such inference. There was no evidence regarding the subject of the dispute, who was at fault in causing the quarrel, or who was the aggressor in the altercation. Upon the unsatisfactory state of the record, it would be pure speculation to attempt to say whether such quarrel or altercation constituted misconduct on the part of the deceased or upon the part of the petitioner. We believe that the evidence was

sufficient to sustain the findings of fact referred to and that the Commission properly concluded, under said section 175, that deceased was not liable for the support of the petitioner.

Petitioner contends, however, that the Commission should have made a finding that at the time of the death of deceased petitioner was insane and an inmate of the state hospital and that an award should have been made in her favor by virtue of the provisions of section 14 of the Workmen's Compensation Act and section 2176 of the Political Code. Said section 14 reads: "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee; . . . (1) A wife upon a husband with whom she was living at the time of his injury or for whose support such husband was legally liable at the time of his injury." Said section 2176 read at that time: "The husband, . . . of an insane person . . . must cause him to be properly and suitably cared for and maintained, and must pay the costs and charges of his commitment and transportation to a state hospital for the insane. . . . The husband, . . . of an insane person . . . shall be liable for the care, support and maintenance of any insane person . . . in a state hospital to which he has been or may hereafter be committed or transferred, and it is hereby made the duty of the commission to make collections of all of the aforesaid costs and charges, and charges for the care, support and maintenance of any insane person . . . in a state hospital, or to see that they are collected."

It is argued that the question of actual dependency is immaterial in the case of the surviving wife where the husband is legally liable for her support at the time of the injury and that section 2176 creates that liability when the wife is insane. There would be merit in this contention if section 2176 is to be construed as imposing a new liability upon the husband in those cases where prior to the insanity of the wife the husband has been relieved of liability for support under section 175 of the Civil Code. We believe, however, that properly construed section 2176 imposes such liability in favor of the state only in those cases in which liability existed in favor of the wife at the time she became insane. Upon the facts as found by the Commission the deceased had been relieved of liability for the sup-

port of petitioner more than a year before she became insane and a finding that at the time of the injury to deceased petitioner was insane and an inmate of the state hospital would have been an immaterial finding not affecting petitioner's rights under the act.

■ It is further contended that even conceding that the evidence established desertion upon the part of petitioner, the presumption that such desertion continued was rebutted at the time when she was declared insane as she could not thereafter willingly continue to remain away nor offer to return. We cannot follow this line of reasoning. Petitioner abandoned the deceased in February, 1925, and made no offer to return. Assuming that an offer to return in May, 1926, would have been timely so as to revive the liability of the deceased for petitioner's support under section 175, we cannot conclude that adjudging petitioner insane would be equivalent to such offer or have a like effect.

The Commission made findings on all material issues, which findings supported the award and were sustained by the evidence and the award is therefore affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.