Mildred I. COOPER, Appellant
(Defendant below),

v.

Roy E. COOPER, Appellee
(Plaintiff below).

No. 3711.

Supreme Court of Wyoming.

Dec. 27, 1968.

Bard Ferrall of Ferrall & Bloomfield, Cheyenne, for appellant.

Dean W. Borthwick, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

PER CURIAM.

Plaintiff, Roy E. Cooper, obtained a decree of divorce from defendant, Mildred I. Cooper, on the statutory ground, § 20–38 (Eighth), W.S.1957, that the defendant had offered to plaintiff such indignities as to render his condition intolerable. The decree, inter alia, also required plaintiff to make monthly payments for defendant's support and for the two minor children. Defendant has appealed, asserting that the decree was not supported by substantial evidence, was contrary to law, and that the support payments were inadequate.

Concerning the evidentiary question, it appears undesirable to relate in detail the testimony bearing upon the marital difficulties of the parties. A careful review of the record convinces that there was sufficient substantial evidence from which the trial court could find, as it apparently did find, that over a period of several years the defendant, without justifiable cause, had denied to plaintiff the reasonable exercise of one of the most intimate of his conjugal rights, thus causing the plaintiff grievous mental anguish.

It is argued, however, that such circumstances alone do not as a matter of law support a decree based upon the statutory ground, supra. The contention is without merit. Although this court has not

heretofore been confronted with the precise question, it has long been the rule when intolerable indignities were claimed as grounds for divorce that disposition was largely dependent upon the circumstances presented, leaving to the trial court some latitude for the exercise of discretion in determining whether sufficient was established in support of the claim, and absent abuse its determination will not be disturbed. Gill v. Gill, Wyo., 363 P.2d 86. Support may be found for defendant's position in such cases as Pollard v. Pollard, Mo.App., 98 S.W.2d 132, 141; and Walper v. Walper, 198 Pa.Super. 409, 182 A.2d 209, 211. On the other hand, the reasoning underlying the holdings in such authorities as Nordlund v. Nordlund, 97 Wash. 475, 166 P. 795, 797, L.R.A.1918A 59; Diemer v. Diemer, 8 N.Y.2d 206, 203 N.Y.S.2d 829, 168 N.E.2d 654, 657; Melia v. Melia, 94 N.J.Super. 47, 226 A.2d 745, 747; and Wisely v. Wisely, 178 Cal.App.2d 181, 2 Cal.Rptr. 886, 888, to the effect that unjustified denial of the reasonable exercise of the right here in question tends to undermine the basic structure and fulfillment of the marriage relationship and constitutes a species of cruelty or abandonment, is rather persuasive. In Mahoney v. Mahoney, 43 Wyo. 157, 299 P. 273, it was held that conduct causing deep mental anguish to a spouse was sufficient to sustain the granting of a divorce on the ground of intolerable indignities. The rationale of that case is applicable to the circumstances here and consequently there is no basis for saying as a matter of law that an abuse of discretion was established.

Concerning the allowances for support, the decree discloses that such matters were given careful consideration by the trial court. While it appears that such allowances were not overly generous, this court has long adhered to the rule that the trial court has a broad discretion in the matter of property settlements and allowances or disallowances of alimony and support payments in an action for divorce which will not be disturbed except upon clear grounds. Biggerstaff v. Biggerstaff,

Wyo., 443 P.2d 524, 526, 528. Such grounds are not here demonstrated. Should changed circumstances warrant, relief is available under § 20–66, W.S.1957.

Affirmed.